## CHAPTER 13 PLAN (Individual Adjustment of Debts)

☐ _____ Original Plan

☐ _____ Amended Plan (Indicate 1st, 2nd, etc. Amended, if applicable)

■ 1st _____ Modified Plan (Indicate 1st, 2nd, etc. Modified, if applicable)

DEBTOR: Aleman, George Scott    JOINT DEBTOR: _____    CASE NO.: 22-11228-SMG

SS#: xxx-xx- 0243    SS#: xxx-xx- _____

### I. NOTICES

**To Debtors:** Plans that do not comply with local rules and judicial rulings may not be confirmable. All plans, amended plans and modified plans shall be served upon all creditors and a certificate of service filed with the Clerk pursuant to Local Rules 2002-1 (C)(5), 3015-1(B)(2), and 3015-2. Debtor(s) must commence plan payments within 30 days of filing the chapter 13 petition or within 30 days of entry of the order converting the case to chapter 13.

**To Creditors:** Your rights may be affected by this plan. You must file a timely proof of claim in order to be paid. Your claim may be reduced, modified or eliminated.

**To All Parties:** The plan contains no nonstandard provisions other than those set out in paragraph IX. Debtor(s) must check one box on each line listed below in this section to state whether the plan includes any of the following:

| | | |
|---|---|---|
| The valuation of a secured claim, set out in Section III, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ■ Not included |
| Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section III | ☐ Included | ■ Not included |
| Nonstandard provisions, set out in Section IX | ☐ Included | ■ Not included |

### II. PLAN PAYMENTS, LENGTH OF PLAN AND DEBTOR(S)' ATTORNEY'S FEE

**A. MONTHLY PLAN PAYMENT:** This Plan pays for the benefit of the creditors the amounts listed below, including trustee's fees of 10%, beginning 30 days from the filing/conversion date. In the event the trustee does not retain the full 10%, any unused amount will be paid to unsecured nonpriority creditors pro-rata under the plan:

1. $448.73      for months  1  to  26 ;
2. $907.50      for months  27 to  27 ;
3. $550.59      for months  28 to  60 ;

**B. DEBTOR(S)' ATTORNEY'S FEE:**    ☐ NONE    ☐ PRO BONO

| | | | | | |
|---|---|---|---|---|---|
| Total Fees: | $5,275.00 | Total Paid: | $0.00 | Balance Due: | $5,275.00 |
| Payable | $173.07 | /month (Months  1  to  26 ) | | | |
| Payable | $775.00 | /month (Months 27 to 27 ) | | | |

Allowed fees under LR 2016-l(B)(2) are itemized below:
$4,500.00 + $775.00 (M2 Modify) = $5,275.00

Applications for compensation must be filed for all fees over and above the Court's Guidelines for Compensation.

### III. TREATMENT OF SECURED CLAIMS    ■ NONE

### IV. TREATMENT OF FEES AND PRIORITY CLAIMS [as defined in 11 U.S.C. §507 and 11 U.S.C. § 1322(a)(4)]    ☐ NONE

**A. ADMINISTRATIVE FEES OTHER THAN DEBTORS(S)' ATTORNEY'S FEE:** ■ NONE

**B. INTERNAL REVENUE SERVICE:**    ☐ NONE

| Total Due: | $18,320.16 | Total Payment | $18,320.16 |
|---|---|---|---|

|  |  |  |  |  |  |  |
|---|---|---|---|---|---|---|
| Payable: | $216.76 | /month (Months | 1 | to | 26 | ) |
| Payable: | $40.00 | /month (Months | 27 | to | 27 | ) |
| Payable: | $383.17 | /month (Months | 28 | to | 60 | ) |

    **C. DOMESTIC SUPPORT OBLIGATION(S):** ☒ NONE

    **D. OTHER:** ☒ NONE

**V. TREATMENT OF UNSECURED NONPRIORITY CREDITORS** ☐ NONE

    A. Pay $34.49 /month (Months 1 to 26 )

        Pay $10.00 /month (Months 27 to 27 )

        Pay $117.36 /month (Months 28 to 60 )

    Pro rata dividend will be calculated by the Trustee upon review of filed claims after bar date.

    B. ☐ If checked, the Debtor(s) will amend/modify to pay 100% to all allowed unsecured nonpriority claims.

    C. **SEPARATELY CLASSIFIED:** ☒ NONE

**VI. STUDENT LOAN PROGRAM** ☒ NONE

**VII. EXECUTORY CONTRACTS AND UNEXPIRED LEASES** ☐ NONE

Secured claims filed by any creditor/lessor granted stay relief in this section shall not receive a distribution from the Chapter 13 Trustee.

    ☒ Unless provided for under a separate section, the debtor(s) request that upon confirmation of this plan, the automatic stay be terminated in rem as to the debtor(s) and in rem and in personam as to any codebtor(s) as to these creditors/lessors. Nothing herein is intended to terminate or abrogate the debtor(s)' state law contract rights.

| | Name of Creditor | Collateral | Acct. No. (Last 4 Digits) | Assume/Reject |
|---|---|---|---|---|
| 1. | American Honda Finance Corporation | 2021 Honda Pilot SE 4D SUV FWD VIN: 5FNYF5H29MB047247 | 8513 | ☐ Assume ☒ Reject |

**VIII. INCOME TAX RETURNS AND REFUNDS:**

    ☒ Debtor(s) shall provide copies of yearly income tax returns to the Trustee (but not file with the Court) no later than May 15th during the pendency of the Chapter 13 case. In the event the debtor(s)' disposable income or tax refunds increase, debtor(s) shall increase payments to unsecured creditors over and above payments provided through the Plan up to 100% of allowed unsecured claims. [Broward/Palm Beach cases]

**IX. NON-STANDARD PLAN PROVISIONS** ☒ NONE

Debtor(s): Aleman, George Scott    Case number: 22-11228-SMG

**PROPERTY OF THE ESTATE WILL VEST IN THE DEBTOR(S) UPON PLAN CONFIRMATION.**

I declare that the foregoing chapter 13 plan is true and correct under penalty of perjury.

/s/                       Debtor                                                         Joint Debtor
Aleman, George Scott        Date                                                                      Date

/s/ Brian J. Cohen, Esq.
                                           Date
Attorney with permission to sign on Debtor(s)' behalf who certifies that the contents of the plan have been reviewed and approved by the Debtor(s).[1]

**By filing this document, the Attorney for Debtor(s) or Debtor(s), if not represented by counsel, certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form Chapter 13 Plan and the plan contains no nonstandard provisions other than those set out in paragraph IX.**

---

[1] This certification requirement applies even if the Debtor(s) have executed a limited power of attorney to Debtor(s)' attorney authorizing the attorney to sign documents on the Debtor(s)' behalf.